UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE INFANTADO,

       Plaintiff,

v.

                                 Case No. 05-72124
                                 Hon. Gerald E. Rosen
                                 Magistrate Judge Mona K. Majzoub

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

               At a session of said Court, held in
            the U.S. Courthouse, Detroit, Michigan
            on     March 30, 2007

           PRESENT:  Honorable Gerald E. Rosen
                                 United States District Judge

       On July 26, 2006, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Renee Infantado's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on October 6, 2006. The Court has now reviewed the parties' motions, the R & R, Plaintiff's objections, and the remainder of the materials in the record. For the reasons discussed briefly below, the Court concurs in the Magistrate Judge's analysis, and accordingly adopts the R & R in its entirety, as supplemented by the rulings below.

Plaintiff advances four objections to the R & R. First, she contends that a remand is necessary so that the Defendant Commissioner may properly evaluate certain materials that have not been included in the administrative record. Yet, as observed by the Magistrate Judge, such a remand is warranted only if Plaintiff shows (i) good cause for the failure to incorporate the documents in question into the record in the administrative proceedings, and (ii) that the evidence at issue is both new and material. See 42 U.S.C. § 405(g); see also Cline v. Commissioner of Social Security, 96 F.3d 146, 148 (6th Cir. 1996). Although Plaintiff seemingly has established the first of these requirements, she has failed to show that the additional medical records at issue are materials, as opposed to merely cumulative of evidence already in the record. The birth records she cites serve only to confirm a condition that the Administrative Law Judge ("ALJ") fully recognized in his decision. (See Admin. Record at 25.) Similarly, the additional flow sheets from Dr. Juan Estigarribia evidently overlap with comparable evidence in the record, and the ALJ, once again, acknowledged the existence of the adrenal crises that these additional record apparently are intended to confirm. (See id. at 23.)[1] Accordingly, the Court concurs in the Magistrate Judge's determination that a remand is not warranted.

---

[1] As observed in Defendant's motion, Plaintiff's effort to demonstrate the materiality of these additional records — and, in turn, the Court's ability to assess this claim of materiality — has been hindered by her failure to attach copies of these records to her summary judgment motion and point to specific aspects of these materials which, in her view, are not merely cumulative of other evidence in the administrative record. Although Plaintiff objects that Defendant also has copies of these records, and thus could have provided them and explained why they are *not* material, it is *Plaintiff's* burden, as the party seeking a remand, to show that the good cause and materiality requirements of § 405(g) have been met. See Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).

Plaintiff next objects that the question posed by the ALJ to the vocational expert did not incorporate her mental health limitations as determined by the ALJ himself. In particular, Plaintiff notes that the ALJ expressly adopted the mental health assessment of Dr. Yousuf, a state agency psychiatrist, (see Admin. Record at 24), and that Dr. Yousuf, in turn, opined that Plaintiff was moderately limited in her ability to understand and remember detailed instructions, her ability to carry out detailed instructions, and her ability to maintain attention and concentration for extended periods, (see id. at 303). Under these circumstances, Plaintiff argues that the ALJ erred by failing to incorporate these limitations into his questioning of the vocational expert.

The Court concurs in the Magistrate Judge's determination that any such omission was harmless, and that the vocational expert's testimony, as actually used and relied upon by the ALJ, supplied substantial evidence for the ALJ's resulting decision. Beyond noting Plaintiff's moderate limitations in the three above-cited areas, Dr. Yousuf more generally opined that Plaintiff "appears to be capable of performing simple unskilled tasks on a sustained basis." (Id. at 305.) In identifying available jobs in response to the ALJ's hypothetical questions, the vocational expert limited his testimony to unskilled positions, (see id. at 680-81), and the ALJ, in turn, relied on this testimony in reaching his decision, (see id. at 24-25). As observed in Defendant's motion, unskilled jobs qualify as "simple" by definition under the pertinent Social Security regulation. See 20 C.F.R. § 404.1568(a). Moreover, in contrast to the case relied on by Plaintiff, Bielat v.

3

Commissioner of Social Security, 267 F. Supp.2d 698, 700 (E.D. Mich. 2003), in which an ALJ had determined that the plaintiff "had a 'marked' limitation in ability to concentrate or persist at a task until timely completion," the assessment of Dr. Yousuf upon which the ALJ relied here showed only a "moderate" limitation in Plaintiff's ability to maintain attention and concentration for extended periods. Accordingly, the vocational expert's testimony regarding the availability of "unskilled" work provided a substantial basis for the ALJ's decision.

Plaintiff next contends that the Magistrate Judge, like the ALJ, misconstrued the records of Plaintiff's treating physician, Dr. Estigarribia, as reflecting the opinion that Plaintiff was capable of returning to work. Having independently reviewed Dr. Estibarribia's records, the Court agrees with the Magistrate Judge that the ALJ permissibly relied on these records as a basis for discounting the apparently inconsistent opinion reached by Dr. Colton roughly two-and-a-half years after the period at issue here. To be sure, Plaintiff points to a note provided by Dr. Estigarribia after the administrative hearing, in which he seeks to clarify what he meant by the statements in his earlier records. (See Admin. Record at 611.) Yet, Defendant correctly observes that this explanatory note cannot serve as the basis for a remand for reassessment of Dr. Estigarribia's medical records and opinions, as this new evidence did not "arise[] from continued medical treatment of the condition," but instead was "generated merely for the purpose of attempting to prove disability." Koulizos v. Secretary of HHS, No. 85-1654,

4

1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986).

Finally, Plaintiff contends that the ALJ erred by failing to either question the medical expert called at the administrative hearing, Dr. Emily Giesel, about Plaintiff's mental impairments or limitations, or to call a separate psychological expert to testify about these matters. Plaintiff fails to explain what would be gained by this endeavor, however, where there already was medical evidence in the record that the ALJ could (and did) review in order to assess Plaintiff's mental impairments and limitations. To the extent that Plaintiff argues that such testimony was somehow required under Social Security Ruling ("SSR") 83-20, (see Plaintiff's Motion, Br. in Support at 17-18), Defendant correctly point out that SSR 83-20 applies only where "an administrative law judge makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time." Scheck v. Barnhart, 357 F.3d 697, 701 (7th Cir. 2004). The ruling simply does not apply here — and, hence, no testimony regarding an onset date was required — where the ALJ did not make the triggering determination that Plaintiff's mental impairments were disabling. See Scheck, 357 F.3d at 701.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation, as supplemented by the foregoing rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED, and that Defendant's motion for summary judgment is GRANTED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: March 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2007, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager